UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:96 CV 2510 CDP |
| | ) | |
| JAMES A. GAMMON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

In 1989, after a five day jury trial petitioner was convicted in Missouri state court of two counts of forcible rape, two counts of forcible sodomy, one count of robbery in the second degree, and one count of felonious restraint. He was sentenced as a prior, persistent and class X offender to life imprisonment plus consecutive terms of imprisonment totaling 50 years. State v. Hill, 817 S.W.2d 609, 610 (Mo. Ct. App. 1991).

After appealing his convictions and the denial of post-conviction relief to the Missouri Court of Appeals, petitioner filed the instant case for habeas relief under 28 U.S.C. § 2254. This Court denied habeas relief on March 17, 2000. [34]. The Eighth Circuit Court of Appeals denied petitioner's application for certificate of appealability and issued the mandate. [38, 40]. Petitioner filed a motion to vacate the judgment under Fed. R. Civ. P. 60(1) and (6) on February 15, 2001. [42]. The

motion was denied on February 20, 2001.  [43].  Petitioner now moves to reopen his closed § 2254 case under Fed. R. Civ. P. 60(b)(6).  [45].

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time."  Fed. R. Civ. P. 60(b)(6).  Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition.  See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals.  28 U.S.C. § 2244(b)(3).  Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254.  Boyd, 304 F.3d at 814.  If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals."  Id.  "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure."  United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

A Rule 60(b) motion that merely alleges a defect in the integrity of the

habeas proceedings is not a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 535–36 (2005) (Rule 60(b) motion challenging district court's previous ruling on statute of limitations was not the equivalent of a successive habeas petition). A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or as an attack on the "federal court's previous resolution of the claim on the merits." Id. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n. 4. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition.

Petitioner's motion will be treated as a successive petition and denied because petitioner has not obtained certification to file a successive motion from the Eighth Circuit. Petitioner again attempts to challenge the state court's Batson ruling and this Court's determination that the ruling did not entitle petitioner to habeas relief. The state court denied petitioner's Batson claim on the merits. Hill, 817 S.W.2d at 610. In denying habeas relief, this Court also considered and denied

petitioner's claim on the merits. [32 at 11-14]. Petitioner's motion presents a claim and must be treated as a second or successive habeas petition.

To avoid characterization as a successive petition, petitioner attempts to categorize his complaint as one attacking the defect in the integrity of the proceedings. He argues that the state court's prior ruling is really a procedural defect because it applied the wrong standard to evaluate his claim. Petitioner's argument is unavailing, for he is not asserting a defect in the integrity of the *habeas* proceedings. See Gonzalez, 545 U.S. at 535–36. A claim that the state court improperly evaluated his claim under the wrong standard is an attack on the merits of the state court decision, and as such it must be treated as a successive petition. Nor can petitioner allege that this Court refused to consider his claim based on a procedural ruling because it considered and denied each of petitioner's claims, including both of his Batson claims, on the merits. [32 at 11-16]. As petitioner has not obtained certification to file a successive motion from the Eighth Circuit, petitioner's successive petition will be denied.

Finally, I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues

deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) [45] is denied and dismissed as a second or successive habeas petition filed without the required precertification by the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).

**IT IS FURTHER ORDERED** that a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a federal constitutional right.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2017.